O

# United States District Court
# Central District of California

| | |
|---|---|
| EFREN REYES; ROSIE REYES,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE CORPORATION; HSBC BANK USA, N.A. AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTYIFICATES SERIES 2006-AR13 and Does 1-15, inclusive,<br><br>Defendants. | Case № 2:18-cv-08320-ODW (AFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE [13]** |

## I. INTRODUCTION

Presently before the Court is Defendants', Wells Fargo Bank, N.A. and HSBC Bank USA, N.A. as trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR13 (collectively, "Defendants"), Motion to Dismiss Plaintiffs Efren and Rosie Reyes' Complaint ("Motion") for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (ECF No. 13.) For

the following reasons, Defendants' Motion is **GRANTED WITHOUT PREJUDICE**.[1]

## II. BACKGROUND

On June 22, 2006, Plaintiffs Efren and Rosie Reyes entered into a consumer credit transaction with Wells Fargo Bank, N.A. to obtain a mortgage loan of $960,000 secured by a Deed of Trust of Plaintiffs' real property at 3103 Brookwood Lane, Oxnard, CA 93036.[2] (Compl. ¶ 16, ECF No. 1-1.) The deed was recorded on June 29, 2006. (Req. for Judicial Notice ("RJN") Ex. A, ECF No. 14.)

On March 22, 2011, Wells Fargo recorded a Notice of Default, indicating that the Deed of Trust was in arrears in the amount of $20,790 as of March 7, 2011. (RJN Ex. B.)

On April 20, 2011, Wells Fargo assigned the Deed of Trust to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation. (Compl. ¶ 19.) This assignment was recorded on May 4, 2011. (RJN Ex. C.)

On June 24, 2011, a Notice of Trustee's Sale was recorded, setting a Trustee's sale date for July 14, 2011. (RJN Ex. D.)

On May 4, 2012, another Notice of Trustee's Sale was recorded, setting a Trustee's sale date for May 24, 2012. (RJN Ex. E.)

On April 30, 2018, Wells Fargo executed a Substitution of Trustee, substituting Quality Loan Service Corporation as Trustee (Compl. ¶ 21, Ex. C), which was recorded on May 4, 2018. (RJN Ex. F.) Also, on May 4, 2018, Quality Loan Service recorded a Rescission of Notice of Default and Election to Sell Under Deed of Trust, which rescinded the March 22, 2011, Notice of Default. (RJN Ex. G.)

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Plaintiffs initially indicate in the Complaint that the property is located in Ventura, but the deed indicates the property is located in Oxnard.

2

On May 8, 2018, Quality Loan Service recorded a Notice of Default, indicating that the Deed of Trust was in arrears in the amount of $85,204.10. (Compl. ¶ 22; RJN Ex. H.)

On August 9, 2018, Quality Loan Service recorded a Notice of Trustee's sale, setting a Trustee's sale date for September 18, 2018.[3] (Compl. Ex. E; RJN Ex. I.)

On August 23, 2018, Plaintiffs filed a Complaint in Superior Court of California, County of Ventura, alleging: 1) negligence; 2) violations of California Homeowner's Bill of Rights; 3) treble damages for violating California Homeowner's Bill of Rights; 4) cancellation of written instruments; 5) injunctive relief; 6) predatory lending practices; 7) violation of California Business and Professions Code section 17200, *et seq*; 8) constructive fraud; 9) fraud in the concealment; 10) slander of title; 11) quiet title; and 12) declaratory relief. (Compl. 1.)

Defendants removed the matter to this Court on September 26, 2018, citing diversity of citizens and an amount in controversy exceeding $75,000. (*See generally* Notice of Removal.) On October 3, 2018, Defendants moved to dismiss Plaintiffs' Complaint. (*See generally* Mot.)

### III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under a 12(b)(6) motion can be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

---

[3] As of the date of this Order, there is no evidence that the subject property has ever been sold or Plaintiffs have been removed from the property.

Cir. 1988). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citations and quotation marks omitted). Although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A court "may not supply essential elements of the claim that were not initially [pleaded]." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

In addition to its Motion to Dismiss, Defendants request that the Court take judicial notice of several documents. (*See generally* RJN.) Accordingly, the Court will address whether judicial notice is appropriate before turning to the merits of Defendants' Motion to Dismiss.

A. **REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts take judicial notice of government documents and public records. *See Peruta v. Cty. of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of documents appearing on governmental websites); *see also Miller v. Cal. Reconveyance Co.*, No. 10-cv-421-IEG (CAB), 2010 WL 2889103, at *3 n.1 (S.D. Cal. July 22, 2010) ("The [c]ourt will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned.").

Defendants request that the Court take judicial notice of the following documents, pursuant to Federal Rule of Evidence 201:

- (A) Deed of Trust recorded on June 29, 2006 in the Ventura County Recorder's Office as document number 20060629-0138135-0, as to property located at 3103 Brookwood Lane, Oxnard, Ventura County, California 93036;
- (B) Notice of Default recorded on March 22, 2011 in the Ventura County Recorder's Office, as document number 20110322-000046781-0;
- (C) Assignment Of Deed of Trust recorded on May 4, 2011 in the Ventura County Recorder's Office as document number 20110504-00069084-0;
- (D) Notice of Trustee's Sale recorded on June 24, 2011 in the Ventura County Recorder's Office as document number 20000624-00093467-0, setting a Trustee's Sale date for July 14, 2011;
- (E) Notice of Trustee's Sale recorded on May 4, 2012 in the Ventura County Recorder's Office as document number 20120504-00081622-0, setting a Trustee's Sale date for May 24, 2012;

- (F) Substitution Of Trustee recorded on May 4, 2018 in the Ventura County Recorder's Office as document number 20180504-00051539-0;
- (G) Rescission Of Notice of Default and Election to Sell Under Deed of Trust recorded on May 4, 2018 in the Ventura County Recorder's Office as document number 20180504-00051528-0, rescinding the Notice of Default recorded on March 22, 2011;
- (H) Notice of Default and Election to Sell Under Deed of Trust recorded on May 8, 2018 in the Ventura County Recorder's Office as document number 20180508-00052738-0;
- (I) Notice of Trustee's Sale recorded on August 9, 2018 in the Ventura County Recorder's Office as document number 20180809-00091110-0, setting a Trustee's Sale date for September 18, 2018.

(RJN 3–4.)

Courts routinely take judicial notice of recorded deeds and similar instruments. *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205, n.2 (N.D. Cal. 2012) (taking "judicial notice of the undisputable facts contained" in notice of default as a public record); *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal. App. 4th 388, 394 (2005) (taking judicial notice of notice of default, notice of trustee's sale, trustee's deed upon sale); *Cal-American Income Property Fund II v. Cty. of Los Angeles*, 208 Cal. App. 3d 109, 112, n.2 (1989).

Accordingly, Defendant's request for judicial notice is **GRANTED**.

**B. STANDING**

Defendants argue that Plaintiffs do not have standing to contest their right to foreclose on the Property because Plaintiffs lack standing to challenge the recording of the assignment documents. (Mot. 7 (citing *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109–10 (N.D. Cal. 2014).) Defendants maintain that the injured party here would be Defendant HSBC, not Plaintiff. (*Id.* (quoting *Bateman v. Countrywide Home Loans*, No. 12-00033-SOM(BMK), 2012 WL 5593228, at *4 (D.

Haw. Nov. 14, 2012) ("The reason debtors generally lack standing to challenge assignments of their loan documents is that they have no interest in those assignments, and the arguments they usually make do not go to whether the assignments are void *ab initio*, but instead to whether the various assignments are voidable. Debtors lack standing to challenge voidable assignments; only the parties to the assignments may seek to avoid such assignments.").)

The standing doctrine "serv[es] to identify those disputes which are appropriately resolved through the judicial process." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 145, 155 (1990)). "Standing is a threshold issue, because without it no justiciable controversy exists." *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 813 (2016).

Under most circumstances, California courts do not allow borrowers to sue preemptively and challenge a party's right to initiate foreclosure. *See id.* at 814 ("California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'") (internal quotation omitted). The California Supreme Court recently held that a borrower has standing to sue for wrongful foreclosure based on an allegedly void assignment where an alleged defect in the assignment renders the assignment void, but the holding expressly applies to suits brought post-foreclosure, not pre-foreclosure. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 942–43 (2016); *see also id.* at 924 ("[W]e do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."). The Ninth Circuit has also held that an individual may possess standing to challenge ineffective assignment if the Plaintiff alleges the assignment is void, not merely voidable. *See Petrovich v. Ocwen Loan Serv.*, 716 F. App'x 614, 616 (9th Cir. Dec. 12, 2017) ("In order for a homeowner to challenge a California nonjudicial foreclosure based on a theory that the deed of trust

was ineffectively assigned to the foreclosing party, the assignment must be void rather than merely voidable.").

Here, Plaintiff is suing Defendant to prevent foreclosure because Plaintiff maintains that Defendant does not have the authority to foreclose upon and sell the property. (*See* Compl. at ¶¶ 133–135). However, neither the Complaint nor the incorporated and judicially noticed documents indicate that the assignments at issue are void or otherwise defective, or that Defendants' conduct amounts to a violation of the Homeowner's Bill of Rights or other misconduct that might confer standing for a pre-foreclosure suit. Accordingly, to the extent that Plaintiffs' claims are based on the alleged improper assignment of the Deed of Trust, Plaintiffs' claims are barred because Plaintiffs do not allege that the assignments are void; thus, Plaintiffs lack standing.

## C. NEGLIGENCE (FIRST CAUSE OF ACTION)

Plaintiffs allege Defendants were negligent by "failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." (Compl. ¶ 36.)

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citations omitted).

In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Osei v. GMAC Mortg.*, No. 2:09-CV-02534, 2010 WL 2557485, at *5 (E.D. Cal. June 21, 2010) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)). Moreover, "loan servicers do not owe a duty to the borrowers of the loans they service." *Pok v. Am. Home Mortg. Servicing, Inc.*, No. 2:09-2385, 2010 WL 476674, at *4 (E.D. Cal. Feb. 3, 2010); *see also Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 WL

975792, at *7 (N.D. Cal. Apr. 10, 2009). Plaintiffs' negligence claim fails to establish a claim upon which relief can be granted. Wells Fargo, as the mortgage loan servicer, does not owe a duty under a common law negligence claim to Plaintiffs. Without the required existence of a duty, Plaintiffs cannot state a claim for negligence against Defendants. Moreover, to the extent that Plaintiffs claim that Defendants were negligent for failing to credit payments, Plaintiffs conclusory allegations are insufficient to survive dismissal.

### D. CALIFORNIA HOMEOWNERS BILL OF RIGHTS (SECOND CAUSE OF ACTION)

Plaintiffs maintain that Defendants' conduct violates the California Homeowners Bill of Rights ("HBOR"), specifically that Defendants failed to provide thirty (30) days' notice prior to recording a notice of default. (Compl. ¶¶ 38–48.) Prior to contemplating whether Defendants' conduct violates the HBOR, the Court must determine whether the instant dispute falls within the ambit of the HBOR—specifically that the property is owner-occupied, and that the lien in question is superior to all others. Cal. Civ. Code § 2924.11(h). The HBOR applies to the instant dispute because the property at issue is an owner-occupied home, and there is no evidence that a superior lien exists. The Court turns to whether Defendants' conduct indeed violated the HBOR.

In order to state a claim under Civil Code section 2923.5, a plaintiff is required to allege that they suffered prejudice as a result of Defendants' actions. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186–87 (N.D. Cal. 2009) ("Courts have rejected claims of deficient notice where no prejudice was suffered . . . ."); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 94 (2004) (finding that a procedural defect is not enough to warrant setting aside foreclosure if "[t]here was no *prejudicial* procedural irregularity") (alteration in original).

Here, the Plaintiffs do not allege any prejudice in the Complaint. Moreover, the record demonstrates that Defendants offered Plaintiffs a loan modification, which

seems to fly in the face of Plaintiffs' arguments that they did not receive notice prior to foreclosure. (Compl. ¶ 81.)

### E. TREBLE DAMAGES (THIRD CAUSE OF ACTION)

Plaintiffs' third cause of action is for treble damages. Given Plaintiffs' *pro se* status, the Court will construe this cause of action instead as a requested remedy. The HBOR provides for treble damages only after a trustee's deed upon sale has been recorded and only upon a finding that there was a material violation and that violation was intentional or reckless, or resulted from willful misconduct. Cal. Civ. Code § 2924.12. Given that Plaintiffs' underlying HBOR claim failed, and neither intentional, reckless, or willful conduct was adequately pleaded, Plaintiffs are not entitled to treble damages under the circumstances presented in the Complaint.

### F. CANCELLATION OF WRITTEN INSTRUMENTS (FOURTH CAUSE OF ACTION)

Plaintiffs' fourth cause of action seeks cancellation of the recorded Substitution of Trustee, Notice of Default, and Notice of Trustee's sale pursuant to California Civil Code section 3294, maintaining that Defendants' conduct is tantamount to fraud, oppression, and malice. (Compl. ¶¶ 55–59.)

California Civil Code section 3412 provides for the cancellation of a written instrument when there "is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." To plead a cause of action for cancellation of instrument, plaintiff must show "that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10-cv-184-OWW(GSA), 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (granting motion to dismiss because plaintiffs failed to assert any valid reason, except that the defendants did not have the right to foreclose, why the instruments are void or voidable). A plaintiff must provide facts, "not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Ephraim v. Metro. Tr. Co. of Cal.*, 28 Cal. 2d 824, 833 (1946).

Plaintiffs failed to allege that the instruments that were recorded were invalid and/or void. Accordingly, this claim is dismissed.

G. **INJUNCTIVE RELIEF (FIFTH CAUSE OF ACTION)**

Plaintiffs' fifth cause of action for injunctive relief apparently seeks an order enjoining Defendants from foreclosing on and removing Plaintiff from the Property. (Compl. ¶ 67.)

Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself. *Lima v. American Home Mortg. Servicing, Inc.*, No. 09-cv-3561-CW, 2010 WL 144810 at *2 (N.D. Cal. 2010); *see Washington Toxics Coalition v. Environmental Protection Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005), *abrogated on other grounds by Cottonwood Environmental Law Center v. U.S. Forest Service*, 413 F.3d 1024 (9th Cir. 2015) (holding injunction is a remedy for violation of the Endangered Species Act); *see also Catholic Social Services, Inc. v. I.N.S.*, 182 F.3d 1053, 1062 (9th Cir. 1999) (stating injunction is remedy for claims against INS). Similarly, under California law, a claim or cause of action for an injunction is improper because an injunction is a remedy, not a cause of action. *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 985 (2003).

Here, Plaintiffs' claim for injunctive relief fails because injunctive relief is not a claim, therefore dismissal of this claim is proper.

H. **PREDATORY LENDING PRACTICES (SIXTH CAUSE OF ACTION)**

Plaintiffs' sixth cause of action is for predatory lending, alleging that Defendants violated the California Business and Professions Code because they failed to comply with the statutory disclosure requirements set forth in the Rosenthal Fair Debt Collection Practices Act. (Compl. ¶ 75.)

To establish a valid predatory lending claim under California Business and Professions Code, a plaintiff must demonstrate unlawful, unfair, or fraudulent business practice, or an unfair, deceptive, untrue or misleading advertising. *Lundy v. Selene Fin., LP*, No. 15-cv-05676-JST, 2016 WL 1059423, at *15 (N.D. Cal. Mar. 17,

2016). To state a predatory lending claim, plaintiff must first demonstrate that his loan was a "covered loan" as defined by California Financial Code section 4973. *See Permpoon v. Wells Fargo*, No. 09-cv-1140-H(BLM), 2009 WL 3214321, at *7 (S.D. Cal. Sept. 29, 2009) (dismissing claim under California Financial Code section 4970 where complaint failed to allege "how Plaintiffs' loans were covered loans under the statute"). A covered loan is one where "the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association." Cal. Fin. Code § 4970(b). The statute also requires that one of two conditions be met: (1) the annual percentage rate ("APR") at consummation . . . will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity . . .; or (2) the total points and fees exceed six percent of the total loan amount. *Id.*

Here, Plaintiffs' threadbare claim that Defendants failed to comply with the Rosenthal Fair Debt Collection Practices Act is conclusory. Moreover, Plaintiffs fail to plead any facts proving that their loan was covered, contained excessive APR, or whether points exceed six percent of the total loan amount. Accordingly, Plaintiffs' claim is insufficiently pled.

**I. CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 (SEVENTH CAUSE OF ACTION)**

Plaintiffs also allege that Defendants unlawfully and unfairly proceeded with foreclosure against Plaintiffs in violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, *et seq*. (Compl. ¶ 79–80.)

The UCL forbids "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives [unlawful, unfair or fraudulent] captures a separate and distinct theory of liability." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1302 (S.D. Cal. 2014) (alteration in original) (quoting

1  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010)). "Under the 'unlawful' prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Beaver*, 29 F. Supp. 2d at 1303 (citation omitted).

The crux of Plaintiffs' argument on this issue is that Defendants violated California Civil Code section 2923.5 by filing the Notice of Default without contacting Plaintiffs by telephone. (Compl. ¶ 82.) However, telephonic contact is not the only accepted contact method under the HBOR. Section 2923.5(e) includes a "due diligence" provision, which allows a mortgage servicer to contact a mortgagee through first-class mail, provided the mail includes a letter containing a toll-free number made available by the Department of Housing and Urban Development ("HUD") to find a HUD-certified housing counseling agency. Cal. Civ. Code § 2923.5(e)(1). After sending first-class mail, the mortgage servicer must then attempt telephone contact three times to the primary contact number on file, at varying times of day. Cal. Civ. Code § 2923.5(e)(2)(A). Defendants argue that they satisfied due diligence, and attached a declaration to the Notice of Default, indicating that due diligence was exercised. (RJN Ex. B.) Plaintiffs' arguments do not address due diligence, neither in the Complaint nor Opposition to the Motion to Dismiss. Conclusory allegations are insufficient to survive a Motion to Dismiss, as the Court has repeatedly indicated. *See Globespan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229, 1236 (C.D. Cal. 2001) ("A plaintiff alleging unfair business practices under the unfair competition statutes must state with reasonable particularity the facts supporting the statutory elements of the violation.") (internal quotation marks and citations omitted). Given that Plaintiffs' only arguments on this issue are conclusory, the claim fails. *See Maguca v. Aurora Loan Servs.*, No. 09-cv-1086-JVS, 2009 WL 3467750, at *2 (C.D. Cal. Oct. 28, 2009) (holding that "[t]he claim fails because the allegations in the FAC, which the Court notes are conclusory, are contradicted by the notice of default").

## J. CONSTRUCTIVE FRAUD (EIGHTH CAUSE OF ACTION)

Plaintiffs' eighth cause of action alleges a hodgepodge of fraud, conspiracy, and false representation. (Compl. ¶¶ 98, 99, 103.) When a plaintiff alleges fraud, a heightened pleading standard applies and the plaintiff "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The particularity requirement is designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). To provide such notice, a plaintiff generally needs to allege the (1) time, (2) place, (3) specific content of the false representations, and (4) the identities of the parties that made the misrepresentations. *See Alan Neuman Prods, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988).

To state a claim for constructive fraud, a party must allege "(1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage." *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006) (citing *Assilzadeh v. California Fed. Bank*, 82 Cal. App. 4th 399, 414 (2000) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship.")). Like a fiduciary relationship, the essence of a confidential relationship is "that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 271 (2003) (internal quotation marks and citations omitted). The vulnerability of the weaker party has been described as a "necessary predicate of a confidential relation." *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141,

1161 (2005) (internal quotation marks and citations omitted). As a general rule, "the [confidential] relationship is not created simply by the receipt of confidential information." *Richelle L.*, 106 Cal. App. 4th at 272 n.6 (citing *Barajas v. Oren Realty & Development Co.*, 57 Cal. App. 4th 209 (1997)).

Here, Plaintiffs offer conclusory allegations, which fall far short of the standard pleading requirement, let alone the heightened pleading specificity mandated by FRCP 9(b) when fraud is pleaded. Accordingly, Plaintiffs' claim fails.

### K. FRAUD IN THE CONCEALMENT (NINTH CAUSE OF ACTION)

Plaintiffs' ninth cause of action alleges fraudulent concealment. Specifically, Plaintiff maintains Defendants fraudulently concealed the fact that the loans were securitized and challenges the securitization agreements. (Compl. ¶ 106.)

As discussed above, FRCP 9(b) requires plaintiffs to allege fraud with particularity. However, for fraudulent concealment, a plaintiff does not need to specify the time, place, and specific content of an omission as precisely. *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007). To prove a fraudulent concealment claim, a plaintiff needs to show (1) concealment or suppression of a material fact, (2) by a defendant with a duty to disclose the fact to the plaintiff, (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact. *Bank of America Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870 (2011). Given that a plaintiff in a fraudulent concealment case is alleging a failure to act, the plaintiff cannot point out the specific moment when a defendant failed to act. *Falk*, 496 F. Supp 2d at 1098-99. Therefore, a fraud by concealment claim can succeed without the same level of specificity required in a normal fraud claim. *Id*.

Here, as indicated, Plaintiffs lack standing to challenge securitization. However, even if Plaintiffs did indeed possess standing, the pleaded allegations do not offer

more than conclusory allegations that fail to rise to requisite plausibility, even against the relaxed pleading requirements in a fraudulent concealment action.

### L. SLANDER OF TITLE (TENTH CAUSE OF ACTION)

Plaintiffs' tenth cause of action, slander of title, alleges that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to[:] the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." (Compl. ¶ 115.)

Under California law, a claim for slander of title contains the following elements: "there must be a publication; the publication must be without privilege or justification and thus with malice, express or implied; it must be false, either knowingly so or made without regard to its truthfulness; and it must cause direct and immediate pecuniary loss." *Howard v. Schaniel*, 113 Cal. App. 3d 256, 263 (1980); *see Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

Here, Plaintiffs do not provide specific facts, alluding instead to "Defendants' conduct in publishing these [aforementioned] documents" and claim that such conduct has caused an indeterminate amount in damages. (Compl. ¶ 117.) These claims are conclusory and fail to state a claim. For these reasons, Plaintiffs' claim fails.

### M. QUIET TITLE (ELEVENTH CAUSE OF ACTION)

Plaintiffs' eleventh cause of action seeks quiet title, alleging that Defendants do not hold any proper interest in the Property. (Compl. ¶¶ 123–128.)

A complaint to quiet title must be verified and include: (1) a description of the property; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff. Cal. Civ. Proc. Code § 761.020. A verified complaint is a signed complaint with the plaintiffs' oath or affidavit stating that, to the best of his or her knowledge, all information in the complaint is true and correct.

*Waldrop v. Wells Fargo Bank, N.A.*, No. ED 16-cv-413-DMG (SPx), 2016 WL 7626145, at *9 (C.D. Cal. Oct. 11, 2016).

In California, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (internal citation and quotation marks omitted). "Thus, to maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage." *Id.* (alteration, internal citation, and quotation marks omitted). "The cloud upon [a borrower's] title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974).

Here, Plaintiffs did not file a verified complaint, nor did Plaintiffs allege that they have tendered, or offered to tender, the amount they have borrowed. Omissions such as these are fatal to a quiet title claim. *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010) ("[A] quiet title claim is doomed in the absence of [plaintiffs'] tender of amounts owed."). Thus, Plaintiffs' claim fails.

### N. DECLARATORY RELIEF (TWELFTH CAUSE OF ACTION)

Plaintiffs' final cause of action is for declaratory relief. In their Complaint, Plaintiffs do not make clear whether they seek declaratory relief under California or Federal law. The Declaratory Judgment Act provides jurisdiction "[i]n a case of actual controversy . . . [to] any court of the United States . . . [so that it] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court "ha[s] repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Likewise, under California law, a court "may refuse to [grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Code of Civ. Proc. § 1061. "[A] declaratory relief claim fails when it is a duplicate of other claims." *Biederman v. Northwest Trustee Services,*

*Inc.*, No. 15-cv-2283-AB (JCx), 2015 WL 3889371, at *6 (C.D. Cal. June 24, 2015) (citing *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219–20 (S.D. Cal. 2012)). Plaintiffs' request for declaratory relief is based on the same allegations expressed throughout their Complaint. (*See* Compl. ¶¶ 132–142.) Given that their claims are duplicative, all of which are insufficiently pleaded, granting declaratory relief is neither necessary nor proper.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

April 25, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**